IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RONNIE ONEY d/b/a<br>RONNIE'S WRECKER SERVICE<br><br>*Plaintiff,*<br><br>v.<br><br>GREAT LAKES INSURANCE SE<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:19-cv-389 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant GREAT LAKES INSURANCE SE (hereinafter "Defendant"), in a cause styled *Ronnie Oney d/b/a Ronnie's Wrecker Service v. Great Lakes Insurance SE*, originally pending as Cause No. 2019-10832-CCL in the County Civil Court at Law of Harrison County, Texas, files this Notice of Removal of that cause to the United States District Court for the Eastern District of Texas, Marshall Division, while fully reserving all rights and defenses, as follows:

### NATURE OF THE PENDING STATE CASE

**A. Procedural History**

1. On or about August 29, 2019, Plaintiff Ronnie Oney d/b/a Ronnie's Wrecker Service ("Plaintiff") filed this declaratory judgment action styled *Ronnie Oney d/b/a Ronnie's Wrecker Service v. Great Lakes Insurance SE* as Cause No. 2019-10832-CCL in the County Civil Court at Law of Harrison County, Texas ("State Action"). Plaintiff did not effect service of his Original Petition upon Defendant. On October 23, 2019, Plaintiff filed his First Amended

Petition,[1] and served Defendant through the Texas Department of Insurance on November 1, 2019.[2]

**B. Factual Background**

2.  On November 28, 2018, Plaintiff towed a commercial cargo trailer owned by Defendant's insured (the "Trailer"). Plaintiff's First Amended Petition alleges that "Plaintiff was not requested by the insured to tow its truck and trailer but was rather assigned to the tow by the Harrison County Sheriff's department. Plaintiff was properly dispatched to the scene wherein it coordinated and contracted the entire cleanup and tow process of the Defendant's insureds disaster." Plaintiff asserts that Defendant is liable under Section 2303.156(b) of the Texas Occupations Code for purported towing, cleanup, and storage services that Plaintiff claims to have provided in connection with the Trailer. Plaintiff alleges that as of October 23, 2019, Defendant owed $40,468.63 for those disputed services and, "[d]ue to the ongoing nature of the storage related fees, the charges continue to accrue."[3]

3.  Plaintiff's First Amended Petition seeks a declaration of Defendant's liability under Section 2303.156(b), and further seeks "all costs and attorney's fees pursuant to Chapter 37.009 of the Texas Civil Practice and Remedies Code."

## JURISDICTION

4.  Pursuant to 28 U.S.C. §1441(a), Defendant removes this action to the District Court of the United States for the Eastern District of Texas, Marshall Division, because it is the District and Division embracing the place where such action is pending. Additionally, this Court has diversity jurisdiction, as shown below, because the proper parties to this action are citizens of

---

[1] A true and correct copy of which is attached hereto as Exhibit "A," and incorporated by reference herein as if set forth verbatim.
[2] *See id.*, at p. 2.
[3] *See id.*, at p. 5.

different countries and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Defendant has attached the documents required to be filed with this Notice of Removal in compliance with Local Rule 81(c).[4]

### A.   Diversity of the Parties

5.   Plaintiff's First Amended Petition confirms that Plaintiff is a citizen of the State of Texas who resides in Harrison County, Texas, and that Defendant is not a citizen of Texas.[5] Specifically, Defendant is a Societas Europea incorporated in Germany and registered with the commercial register of the local court of Munich under number HRB 230278. Defendant's registered office is at Königinstraße 107, 80802 Munich, Germany.

### B.   Amount in Controversy

6.   Plaintiff's First Amended Petition pleads that he seeks "damages no greater than $100,000 at this time."[6] Although this language appears to mean that Plaintiff seeks exactly $100,000, in the event that Plaintiff argues otherwise in an attempt to evade the federal forum, Defendant has shown below that a preponderance of the evidence and the face of Plaintiff's petition demonstrate the amount in controversy in this case easily exceeds $75,000.00, exclusive of interest and costs.

#### i.   The Fifth Circuit Standard

7.   Subject to several exceptions, the sum demanded in good faith in a Plaintiff's

---

[4] Civil Cover Sheet, certified copy of the state court docket sheet, and Plaintiff's First Amended Petition and Process, attached hereto as Exhibit "A;" list of all parties, attached hereto as Exhibit "B;" list of all counsel of record, attached hereto as Exhibit "C;" record of parties requesting trial by jury, attached hereto as Exhibit "D;" and the name and address of the court from which this case is being removed, attached hereto as Exhibit "E."
[5] *See* Ex. A, at pp. 3-4.
[6] *See id.*, at p. 4.

petition is generally deemed to be the amount in controversy.[7] One such exception is when "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."[8] The Fifth Circuit has explicitly recognized the importance of this exception, and held that when a Plaintiff pleads a specific sum below the jurisdictional minimum (or a ceiling on damages "barely within the statutory limit"[9]) in contravention of state practice, "[s]uch manipulation is surely characterized as bad faith."[10]

8. In such situations, the amount pleaded by the Plaintiff is no longer entitled to the deference of the general rule, and the removing defendant may demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.[11] This can be accomplished by showing that it is apparent from the face of the Plaintiff's petition that the claims are likely to exceed $75,000.00; or by providing "summary judgment-type evidence of facts in controversy" supporting the proposition that the jurisdictional minimum has been met.[12] To avoid removal, the Plaintiff must then show that "as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[13]

### ii. The Amount Pleaded by Plaintiff Contravenes State Practice and does not Control the Amount in Controversy.

9. Texas law does not permit plaintiffs to plead specific amounts of damages, and instead mandates that pleadings "*shall* contain … a statement that the party seeks…" one or

---

[7] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)); 28 U.S.C. § 1446(c)(2).
[8] 28 U.S.C. § 1446(c)(2)(A).
[9] *De Aguilar,* 47 F.3d at 1408.
[10] *Id.*, at 1410.
[11] *Id.*, at 1410-1411; 28 U.S.C. § 1446(c)(2).
[12] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also White v. FCI USA, Inc.,* 319 F.3d 672, 674–75 (5th Cir. 2003).
[13] *De Aguilar,* 47 F.3d at 1411.

more pre-allocated ranges of monetary relief.[14] Plaintiff in this case specifically pleads that he seeks "damages no greater than $100,000 at this time."[15] Irrespective of Plaintiff's intended meaning, this language neither complies with the Texas Rules of Civil Procedure[16] nor constitutes the sort of binding stipulation capable of divesting this Court of jurisdiction by limiting Plaintiff's recovery to an amount below $75,000.[17] Consequently, the amount pleaded by Plaintiff is not entitled to the deference provided by § 1446(c)(2),[18] and Defendant is entitled to show that the amount in controversy actually exceeds $75,000.00.[19]

### ii. The Face of Plaintiff's Petition Demonstrates that the Amount in Controversy Exceeds $75,000.00.

10.     Plaintiff's First Amended Petition seeks $40,468.63 for towing, environmental cleanup, and storage costs allegedly incurred by the insured's trailer, and specifically states that those charges "continue to accrue."[20] Moreover, those amounts will accrue indefinitely while this case is litigated, as will the attorneys' fees and costs that Plaintiff seeks under the Texas Civil Practice and Remedies Code.[21]

11.     As all categories of damages potentially recoverable under the pleadings are considered in ascertaining the amount in controversy,[22] the Fifth Circuit has routinely held that

---

[14] *See* Tex. R. Civ. P. 47 (c) (emphasis added).
[15] *See id*., at p. 4.
[16] *See* Tex. R. Civ. P. 47.
[17] *See Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 870 (N.D. Tex. 2017) (holding that allegations attempting to stipulate to limited recovery in a state court petition do not legally bind the plaintiff without a contemporaneously filed affidavit or stipulation because the petition can later be amended); *see also Manguno*, 276 F.3d at 724.
[18] *See DeAguilar*., 47 F.3d at 1410-11; 28 U.S.C. § 1446(c)(2).
[19] *See id.,* at 1411; § 1446(c)(2).
[20] *See* Ex. A, at p. 5.
[21] *See id.*, at para. 7.
[22] *See, e.g., St. Paul Reinsurance*, 134 F.3d at 1253 (holding in first-party insurance dispute that all sums the insurer could be liable for under state law are to be considered in ascertaining the amount in controversy, including policy limits, potential attorney's fees, penalties, statutory damages, and punitive damages); *see also Manguno*, 276 F.3d at 723.

the amount of such damages "…when combined with attorney's fees, would exceed $75,000."[23] This is clearly the case in this matter, where the Plaintiff's alleged actual damages already total $40,468.63, before attorneys' fees, and both of these categories of potentially recoverable damages will continue to accrue for at least another year while this case is litigated. It is therefore clear that the amount in controversy in this case exceeds $75,000.00 exclusive of interest and costs.[24] As there is complete diversity of citizenship between Plaintiff and Defendant, removal is proper under 28 U.S.C. § 1332(a).

## TIMING OF REMOVAL

12.     As Plaintiff's First Amended Petition was served on Defendant on November 1, 2019,[25] this Notice of Removal is filed within 30 days of receiving actual notice of the petition pursuant to 28 U.S.C. §1446(b), and is filed less than one year after commencement of the action, pursuant to 28 U.S.C. §1446(c). This Notice is therefore timely filed.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

13.     As the removing party, Defendant will give Plaintiff prompt written notice of this Notice of Removal pursuant to 28 U.S.C. §1446(d).

14.     Defendant will also file a copy of this Notice of Removal with the County Civil Court at Law of Harrison County, Texas, where the state court action is currently pending, as required by 28 U.S.C. §1446(d).

## ANSWER

15.     Defendant has not filed a responsive pleading in the state court action, and will timely file an Answer to Plaintiff's lawsuit in this Honorable Court.

---

[23] *White*, 319 F.3d at 675-76.
[24] *See Manguno*, 276 F.3d at 723.
[25] *See* Ex. A, at pp. 9-10.

## JURY DEMAND

16. Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION AND PRAYER

17. In light of the foregoing, Defendant respectfully removes this civil action styled *Ronnie Oney d/b/a Ronnie's Wrecker Service v. Great Lakes Insurance SE*, originally pending as Cause No. 2019-10832-CCL from the County Civil Court at Law of Harrison County, Texas.

18. Defendant prays for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted by,

*/s/ Les Pickett*
Les Pickett
  "Attorney-in-Charge"
  Federal I.D. No. 14306
  State Bar No. 15980520
Jake Kauffman
  Federal I.D. No. 2348262
  State Bar No. 24080594

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT,
GREAT LAKES INSURANCE SE**

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants, on this the 26th day of November, 2019.

Josh B. Maness
480 W. Texas Avenue
Waskom, Texas 75692
*Attorney for Plaintiff*

                                        */s/ Jake Kauffman*
                                        Les Pickett
                                        Jake Kauffman