IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RONNIE ONEY d/b/a RONNIE'S WRECKER SERVICE | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| | | Civil Action No. 2:19-cv-389-RSP |
| v. | | |
| | | |
| GREAT LAKES INSURANCE SE | | |
| *Defendant.* | | |

## GREAT LAKES INSURANCE SE'S ORIGINAL ANSWER

Defendant GREAT LAKES INSURANCE SE, formerly known as Great Lakes Reinsurance (UK) SE (hereinafter "Great Lakes"), files this Original Answer as follows:

### INITIAL DEFENSE

Plaintiff's lawsuit fails to state a claim against Great Lakes upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSES

Subject to and without waiving the foregoing, Great Lakes answers the allegations contained within the enumerated sections of Plaintiff's First Amended Petition (hereinafter referred to as "Plaintiff's Complaint") as follows:

1. Great Lakes denies the allegations in Paragraph 1 of Plaintiff's Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted therein.

2. In response to the allegations in Paragraph 2 of Plaintiff's Complaint, Great Lakes admits that it is a foreign insurance company incorporated in Germany and wholly owned by Munich Re Group. Great Lakes admits that Bell and Clements Limited is owned by Munich Re

Group, is an accredited Lloyd's insurance broker specializing in brokering and underwriting services, and is generally involved in the provision of delegated binding authorities. Great Lakes admits that The Littleton Group-Western Division, Inc. is an Independent Adjusting firm that Great Lakes retained to adjust the claim at issue in this case. The remaining allegations in Paragraph 2 of Plaintiff's Complaint are denied.

3. The allegation in Paragraph 3 of Plaintiff's Complaint that "[d]iscovery in this action is intended to be conducted under Level 1, in accordance with Rule 190 of the Texas Rules of Civil Procedure" is no longer applicable to this case and does not require an admission or a denial from Great Lakes but, to the extent a response is required, the allegation is denied. With respect to the allegation regarding damages in Paragraph 3, Great Lakes admits that the amount in controversy as presented by Plaintiff exceeds $75,000.00 exclusive of interest and costs. The remaining allegations in Paragraph 3 of Plaintiff's Complaint are denied.

4. The general allegations in Paragraph 4 of Plaintiff's Complaint regarding jurisdiction and venue in Harrison County Civil Court are inapplicable to the current action and do not require an admission or denial from Great Lakes, but to the extent such a response is required, the allegations are denied. Great Lakes admits that venue is proper in the Marshall Division of the United States District Court for the Eastern District of Texas, and that this Court has jurisdiction over this case under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).

5. The allegations in Paragraph 5 of Plaintiff's Complaint are denied.

6. Great Lakes denies all of the allegations, and that Plaintiff is entitled to any of the relief sought, in Paragraph 6 of Plaintiff's Complaint.

7. Great Lakes denies all of the allegations, and that Plaintiff is entitled to any of the relief sought, in Paragraph 7 of Plaintiff's Complaint. Chapter 37 of the Texas Civil Practice and

Remedies Code does not constitute substantive law in diversity actions, and is therefore inapplicable to the current action pending in this Court.

8.   The allegations in Paragraph 8 of Plaintiff's Complaint regarding discovery requests under the Texas Rules of Civil Procedure are inapplicable to this action, and do not require an admission or denial from Great Lakes but, to the extent such a response is required, the allegations are denied.

9.   Great Lakes denies each and every allegation of Plaintiff's Complaint not specifically admitted herein, including Plaintiff's prayer for relief contained in its PRAYER.

## ADDITIONAL DEFENSES

AND NOW, further responding herein, Great Lakes asserts the following additional and affirmative defenses:

10.   Pleading further and in the alternative, Great Lakes would show that Chapter 37 of the Texas Civil Practice and Remedies Code is procedural for *Erie* purposes, and Plaintiff may not rely on Tex. Civ. Prac. & Rem. Code § 37.009 to authorize attorney's fees in a diversity case because that statute is not substantive law.

11.   Pleading further and in the alternative, Great Lakes would show that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of Plaintiff.

12.   Pleading further and in the alternative, Great Lakes would show that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom Great Lakes has no right of control nor

for whom Great Lakes is legally responsible. Accordingly, Great Lakes is entitled to a jury instruction on sole proximate cause and new and independent or superseding cause.

13. Pleading further and in the alternative, Great Lakes would show that, in the event it is found liable to Plaintiff, any such liability being expressly denied, then, in that event, Great Lakes is entitled to a reduction for the negligence, liability, fault, or other conduct which is attributable to any other party in accordance with the Doctrine of Comparative Fault or Causation.

14. Pleading further and in the alternative, Great Lakes says that it is entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement or previous payments as maintenance and/or cure by and between Plaintiff and Great Lakes herein or any other person or entity not a party to this litigation. Further, Great Lakes would assert the affirmative defenses of accord and satisfaction, release, payment, credit, offset, excessive demand, res judicata, collateral estoppel, waiver, and laches.

15. Pleading further and in the alternative, Great Lakes would show that, in the event it is found liable to Plaintiff, any such liability being expressly denied, Great Lakes is entitled to contribution, credit, and/or indemnity.

16. Pleading further and in the alternative, Great Lakes would show that Plaintiff's claims under Chapter 2303 of the Texas Occupations Code are precluded by Plaintiff's failure to comply with or otherwise satisfy requirements of Chapters 2303 and 2308 of the Texas Occupations Code. Specifically, Plaintiff did not provide the notice required under Tex. Occ. Code § 2303.151, the amounts charged by Plaintiff do not comply with Chapter 2303 and 2308, and Plaintiff has not complied with licensure and insurance requirements of vehicle storage facilities and/or towing companies.

17. Pleading further and in the alternative, Great Lakes would show that all or part of the services and costs that Plaintiff seeks to recover in this action were not truly performed or incurred by Plaintiff, nor on Plaintiff's behalf.

18. Pleading further and in the alternative, Great Lakes would show that Plaintiff's claims under Section 2303.156 of the Texas Occupations Code are precluded because the owner of the subject vehicle and/or the owner's agent or authorized representative consented to the towing and storage of the vehicle.

19. Pleading further and in the alternative, Great Lakes would show that Plaintiff has failed to mitigate his damages.

20. Further answering and without waiving the foregoing, Great Lakes would show that certain acts or omissions of Plaintiff were relied upon by Great Lakes. Therefore, Great Lakes asserts the affirmative defense of estoppel.

21. Further answering and without waiving the foregoing, Great Lakes would show that the imposition of punitive, treble, or exemplary damages upon Great Lakes for the allegations made by Plaintiff violates the contract clause of Article I, Section 20, Clause I of the Constitution of the United States of America, the equal protection clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the due process Clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the excessive fines clause contained in the Eighth Amendment of the Constitution of the United States of America, the illegal seizures clause contained in the Fourth Amendment of the Constitution of the United States of America, the deprivation of property without due process clause contained in the Fifth Amendment of the Constitution of the United States of America, the excessive fines clause contained in Article I, Section 13 of the Constitution of the State of Texas,

and the contract clause in Article I, Section 16 of the Constitution of the State of Texas.

22. For any claims for punitive damages and/or pre-judgment interest, Great Lakes invokes the limitations on punitive damages and prejudgment interest contained in Sections 41.007 and 41.008 of the Texas Civil Practice and Remedies Code. Pursuant to Section 41.008 of the Texas Civil Practice and Remedies Code, such limitations may not be known to the jury.

## JURY DEMAND

23. Great Lakes hereby demands a jury trial on all contested issues of fact.

## PRAYER

WHEREFORE, Great Lakes prays that Plaintiff's First Amended Complaint against Great Lakes be dismissed at Plaintiff's costs, that Great Lakes recover its costs and attorneys' fees, and that the Court grant all other and further relief, both special and general, at law and in equity, to which Great Lakes may show itself justly entitled.

Respectfully submitted by,

*/s/ Les Pickett*
Les Pickett
  "Attorney-in-Charge"
  Federal I.D. No. 14306
  State Bar No. 15980520
Jake Kauffman
  Federal I.D. No. 2348262
  State Bar No. 24080594

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile

**ATTORNEYS FOR DEFENDANT
GREAT LAKES INSURANCE SE**

## CERTIFICATE OF SERVICE

      I certify that on this 5th day of March, 2020, a copy of the above and foregoing Original Answer was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Josh B. Maness
480 W. Texas Avenue
Waskom, Texas 75692
*Attorney for Plaintiff*

                                    */s/ Jake Kauffman*
                                    Les Pickett
                                    Jake Kauffman